IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DARLENE C. BALISTRERI-AMRHEIN, § <br> ANTHONY J BALISTRERI, DECEASED § <br> § <br> v. § <br> § <br> UNIVERSAL INSURANCE COMPANY § <br> OF NORTH AMERICA, et al. § | CIVIL ACTION NO. 4:23-CV-00776-ALM-AGD |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the court is Plaintiffs Anthony J. Balistreri, deceased ("Mr. Balistreri") and Darlene C. Balistreri-Amrhein's ("Ms. Amrhein") ("Plaintiffs") Motion to Proceed In Forma Pauperis (Dkt. #3), Motion for Judge Mazzant's Automatic Disqualification Mandatory Recusal (Dkt. #5), Motions for Recusal of Federal Judge Amos Mazzant and Magistrate Judge Kimberly Priest Johnson for "Good Cause Reasons" (Dkt. #6), and Motion for Change of Venue, Presiding Judges for "Good Cause Reasons" (Dkt. #7) (collectively, "Plaintiffs' Motions"). The court recommends that Plaintiffs' Motions be **DENIED** as moot and Plaintiffs' Original Complaint (Dkt. #1) be **DISMISSED WITH PREJUDICE**.

### BACKGROUND

On August 29, 2023, Plaintiffs filed the instant lawsuit (Dkt. #1). On August 31, 2023, Plaintiffs filed the Motion to Proceed In Forma Pauperis (Dkt. #3) and a Notice of RICO Demand and Complaint (Dkt. #4). Then, on September 14, 2023, Plaintiff filed the Motion for Judge Mazzant's Automatic Disqualification Mandatory Recusal (Dkt. #5), Motions for Recusal of Federal Judge Amos Mazzant and Magistrate Judge Kimberly Priest Johnson for "Good Cause Reasons" (Dkt. #6), and Motion for Change of Venue, Presiding Judges for "Good Cause Reasons" (Dkt. #7). Also on September 14, 2023, Plaintiffs filed Plaintiffs' Racketeer Influenced and

REPORT AND RECOMMENDATION

Corrupt Organizations Act, (RICO) codified as Title IX of Organized Crime Control Act of 1970 & False Claims Act, RICO & FCA Complaint, Stated Facts & Other Issues for "Good Cause" Reasons (Dkt. #8) and Plaintiffs' (Whistleblower), Stated Claims, Details, Issues, Arguments, Damages, Injuries & Violations by Each Named Defendants' Against Principles of Racketeer Influenced and Corruption Organization Act (RICO) Law, Title IX of the Organized Crime Control Act of 1970 & Fraud Claims Act (FCA) "qui tam" Lawsuit (Dkt. #9).

The instant lawsuit is not Ms. Amrhein's first foray into state and federal court.[1] In the instant lawsuit, Plaintiffs' Complaint alleges multiple causes of action against many Defendants (Dkt. #1 at pp. 2–4, 6–7).[2] Additionally, in listing the parties, Ms. Amrhein identifies Anthony J.

---

[1] Within the Eastern District of Texas alone, Ms. Amrhein presently has two open matters: the instant lawsuit and Case No. 4:23-cv-00828-SDJ-AGD. Ms. Amrhein has also filed at least three other cases in the Eastern District of Texas, all of which have been disposed: Case No. 4:21-cv-00224-ALM-KPJ; Case No. 4:16-cv-00112-ALM-CAN; and Case No. 4:21-cv-00973-MAC.

[2] Plaintiffs list Defendants in two separate sections in the Complaint. One section lists 26 Defendants, *see infra.* n. 8, while the second section lists 55 Defendants. Plaintiffs list the following Defendants in the Complaint:

**1.** Universal Insurance Company of North America, et al; **2.** GEICO; **3.** Arrowhead General Insurance Co., et al; **4.** American Technologies, Inc. aka ATI, aka ATI Restoration Co., et al; **5.** American Claims Management Company, et al et al; **6.** American Claims Management, CO. Employee Insurance Adjuster Robert Carter, et al; **7.** American Leak Detection, et al (ALD); **8.** Attorney Larry Hercules & Hercules Law Firm, et al Plano, Texas; **9.** Martin & Martin, Design of Dallas, Texas et al; **10.** Gunns Cleaners & Restoration Co. Fort Worth, Texas; **11.** Federal Judge Amos Mazzant, et al; **12.** Federal Magistrate Judge Kimberly Priest Johnson, et al; **13.** Deputy of the Court Lori Stover, Plano, Texas; **14.** Federal Chief Judge Brenda Rhoades, et al, Plano, Texas; **15.** Chief Judge Bill Parker (retired); **16.** Federal Judge Joshua Searcy, et al; **17.** U.S. Eastern District Bankruptcy Court, Plano, Texas; **18.** Federal Appellate Magistrate Judge Marcia Crone, et al; **19.** U.S. Eastern District Court Sherman Division; **20.** Federal Clerk Debbie McCord, Sherman, Texas, et al; **21.** Court Unserved & No Court Summons after more than 2 years, U.S. Eastern District Court, et al; **22.** Gordon & Rees Law Firm, et al Dallas, Texas; **23.** Gordon & Rees Attorney Megan Adeyemo, et al Dallas, Texas; **24.** Gordon & Rees Attorney Roy Mathews, et al; **25.** U.S. Fifth Circuit Court of Appeals, et al; **26.** Magistrate Judge Christine Nowak, et al; **27.** Prosperity Bank, et al; **28.** Muskat, Mahony, Devine Law Firm; **29.** Attorney Michelle Mahony, et al; **30.** Attorney Lennie Bollinger & Law Firm, et al, McKinney, Texas; **31.** Cobb, Martinez, Woodward, et al, Dallas, Texas; **32.** Jerry Reichert & Lori Reichert (Texas Real Estate), et al; **33.** Federal Judge Joe Fish, et al; **34.** U.S. Northern District Court of Texas, et al; **35.** Magistrate Judge Renee Toliver, et al Dallas, Texas; **36.** Texas Judge Jay Bender, et al; **37.** County Court at Law No. 6, McKinney, Texas; **38.** Texas Judge Angela Tucker, et al McKinney, Texas; **39.** Chief Justice Robert Burns III, et al; **40.** Justice Robbie Partida, Fifth Court of Appeals at Dallas, et al; **41.** Justice Erin Nowell; **42.** Fifth Court of Appeals at Dallas, et al; **43.** Supreme Court of Texas, et al; **44.** Justice Nathan Hecht, et al, Austin, Texas; **45.** La Madeleine, Inc., et al; **46.** Owen & Fazio Law Firm, et al Dallas, Texas; **47.** Texas Judge Ted Akin, et al Dallas, Texas; **48.** Re Max Realty, & Agent Sally Darnell et al; **49.** Attorneys Fanning & Harper, et al; **50.** Republic Title (Title Policy); **51.** Collin County Land & Title (ATI Fraud Mechanic's Lien), etc.; **52.** ATI Vice President Jeff Moore, (Blackmail & Extortion

Balistreri as a Plaintiff. As Ms. Amrhein admitted in the Complaint, Mr. Balistreri died on September 24, 2013 (Dkt. #1 at p. 2).[3] As stated below, the court recommends the claims of Mr. Balistreri be **DISMISSED** with prejudice because, as a deceased person, he is not a real party in interest.

This court has previously addressed Plaintiffs' litigation history in *Balistreri-Amrhein v. Verrilli ("Balistreri-Amrhein I")*, Case No. 4:16-cv-00112-ALM-CAN, 2016 WL 11191119, at *1–*3 (E.D. Tex. Oct.7, 2016), *report and recommendation adopted*, *Balistreri-Amrhein v. Verrilli ("Balistreri-Amrhein I Order")*, 2017 WL 726919 (E.D. Tex. Feb. 24, 2017). Plaintiffs' litigation efforts go back more than one and a half decades. *Balistreri-Amrhein I*, 2016 WL 11191119, at *2–*3. Dissatisfied with a real estate transaction—due to purported defects in the property, code violations, and the alleged wrongdoing—Plaintiffs filed suit on May 19, 2008, in

---

$35,000.00 for return of Stolen Trust Estate); **53.** Gary Moore, President & or Founder of ATI, et al with 3 Sons as officers of Company; **54.** Blake A. Hawthorne, Clerk of Court; **55.** State of Texas (Fraud Vexatious Litigant by slander, defamation in violation of CPRC Chapter 11)[.]
(Dkt. #1 at pp. 6–7). Any omission of a party Defendant potentially made by the court herein is inadvertent, and the court intends to and hereby does include each Defendant as alleged in Plaintiffs' Complaint.

[3] As a threshold matter, the court notes that only a real party in interest may properly bring suit in federal court. FED. R. CIV. P. 17(a)–(b). This requirement grows out of a party's personal right to sue. *Doherty v. Mut. Warehouse Co.*, 245 F.2d 609, 611 (5th Cir. 1957). As a result, a party must have a legal existence to bring suit, and the dead lack such legal existence. *Adelsberger v. United States*, 58 Fed. Cl. 616, 618 (2003) ("The question presented is whether an action can be initiated in the name of a deceased person. We think the answer is plainly, 'no.' As defendant points out a party must have a legal existence as a prerequisite to having the capacity to sue or be sued."); *see also Edens v. Grogan Cochran Lumber Co.*, 172 S.W.2d 730, (Tex. Civ. App.—Beaumont 1943, writ ref'd w.o.m.) ("Under Texas law a judgment against a party who died before service of process and whose estate has not been made a proper party is void."); FED. R. CIV. P. 17(b) ("Capacity to sue or be sued is determined . . . by the law of the state where the court is located[.]"). Where a deceased person has purportedly filed suit, then, the suit is a nullity as to the deceased person's claims. *Cf. Chorney v. Callahan*, 135 F. Supp. 35, 36 (D. Mass. 1995) ("As originally filed, this action was brought against a named defendant who was already dead. At that point the purported action was a nullity, for a dead man obviously cannot be named party defendant in an action."), *cited with approval in Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969); *Cheramie v. Orgeron*, 434 F.2d 721, 723 (5th Cir. 1970) ("[T]he rule [regarding substitution of parties] is clear that the death of one defendant and a resulting abatement of an action against him does not abate the action as to the remaining defendants."); *Banakus v. United Aircraft Corp.*, 290 F. Supp. 259, (S.D.N.Y. 1968) (dismissing claim brought by deceased's attorney, who filed suit on behalf of deceased without knowing that deceased had died thirty-five minutes earlier). Mr. Balistreri predeceased the filing of the present case (*see* Dkt. #1). As a result, Mr. Balistreri is not a "real party in interest" in this suit. His claims presented in Plaintiffs' Complaint are null, therefore, unless those claims are asserted in a representative capacity. None of the proffered documents establish either that Mr. Balistreri's estate is extant or that Ms. Amrhein is such estate's legal representative. Accordingly, the court recommends dismissal of Mr. Balistreri's claims. Ms. Amrhein is a real party in interest in this suit, and the court therefore continues to evaluate the claims presented in Plaintiffs' Complaint (Dkt. #1).

Texas state court in Collin County (Case Nos. 296-01145-2008 (before Judge John Roach, Jr.), 296-04897-2009 (same), 429-01145-2008 (before Judge Jill Willis)), and prosecuted appeals thereon (Case No. 05-09-01377) (collectively the "Original State Civil Actions"). *Balistreri-Amrhein I*, 2016 WL 11191119, at *3. The Original State Civil Actions concluded when the Texas Supreme Court denied Plaintiffs' petition for review in 2012. *See id.*

In September 2012, while the petition for review in the Original State Civil Actions were still pending before the Supreme Court of Texas, Plaintiffs filed a new lawsuit in the Northern District of Texas against many of the same defendants sued in the Original State Civil Actions, as well as those Collin County judges, court administrators, and attorneys involved in the Original State Civil Actions ("Northern District of Texas Action"). *Balistreri-Amrhein I*, 2016 WL 11191119, at *3 (citing *Amrhein v. Riechert ("Amrhein I")*, Case No. 3:12-cv-03707-G-BK, 2013 WL 1155473, at *14 (N.D. Tex. Feb. 1, 2013), *report and recommendation adopted*, *Amrhein v. Riechert ("Amrhein I Order")*, 2013 WL 1174571 (N.D. Tex. Mar. 21, 2013)). Plaintiffs alleged substantially the same claims in the Northern District of Texas Action as they did in the Original State Civil Actions, with the addition of allegations of misconduct and bias against various Collin County Court employees, Collin County Court judges and their staff, and attorneys. *Balistreri-Amrhein I*, 2016 WL 11191119, at *3. Several defendants were served in the Northern District of Texas Action and filed Motions to Dismiss Plaintiffs' claims. *See Amrhein I*, 2013 WL 1155473, at *1. The Northern District granted each of these served defendants' motions to dismiss on March 21, 2013, and ordered that Plaintiffs' claims against each of those defendants be dismissed with prejudice for failure to state a claim. *Amrhein I Order*, 2013 WL 1174571, at *1; *see Amrhein I*, 2013 WL 1155473, at *15. In addition, Plaintiffs' claims as to all Texas state legislature members and/or senators, as well as those against the members of the Supreme Court of Texas, were

dismissed without prejudice because, as the Northern District found, Plaintiffs did not show good cause for failing to timely and correctly serve process on those defendants. *Amrhein v. Riechert ("Amrhein II")*, Case No. 3:12-cv-03707-G-BK, 2013 WL 1174626, at *1–*2 (N.D. Tex. Feb. 15, 2013), *report and recommendation adopted*, *Amrhein v. Riechert ("Amrhein II Order")*, 2013 WL 1181273, at *1 (N.D. Tex. Mar. 21, 2013). The Northern District then denied each of Plaintiffs' remaining motions and imposed a Pre-Filing Injunction on Ms. Amrhein for her repeated, frivolous court filings. *Amrhein I Order*, 2013 WL 1174571, *1; *see Amrhein I*, 2013 WL 1155473, at *13–*14 (explaining the need for sanctions and recommending a pre-filing injunction).[4] After discussing Plaintiffs' extensive litigation history,[5] the Northern District of Texas entered the following Pre-Filing Injunction:

> **Darlene Amrhein is prohibited from filing any new civil action in any United States district court** unless she first files a motion requesting leave of court to do so and attaches thereto copies of (1) her proposed complaint, (2) the magistrate judge's findings, conclusions and recommendation in this case, (3) this court's order accepting the findings, conclusions and recommendation of the United States Magistrate Judge, and (4) the judgment in this case.

*Amrhein I Order*, 2013 WL 1174571, at *1.

Plaintiffs appealed the Northern District's ruling, to no avail. *Amrhein v. Reichert*, No. 13-10450 (5th Cir. 2015), *cert. denied*, 574 U.S. 1149 (2015). Following their unsuccessful appeal,

---

[4] *See Amrhein I*, 2013 WL 1155473, at *14 ("However, Plaintiffs have made it clear that they will not cease their contumacious conduct absent some sort of sanction. Indeed, in this very action, Plaintiffs have vexatiously multiplied the litigation by adding as parties various public figures and entities that had little, if anything, to do with the subject matter of the suit. As the Court of Appeals for the Fifth Circuit has observed, '[s]anctions may be necessary because often dismissal alone will not faze a venomous litigant bent on disrupting the judicial system and committed to employing the legal process as a means to torment his enemies.'") (citing *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir.1986)).

[5] The Northern District found that
> [a] review of Ms. Amrhein's litigation history in the State of Texas reveals that she has filed at least 22 civil actions in various Collin County courts, two in Dallas County court, and four in Texas federal courts, as well as numerous state appeals and bankruptcy cases. A review of one of Ms. Amrhein's most recent cases reveals that she engaged in similar litigation tactics to those presently before the Court.

*Amrhein I*, 2013 WL 1155473, at *14.

Plaintiffs filed a lawsuit in the Eastern District of Texas. *Balistreri-Amrhein v. Verrilli*, Case No. 4:16-cv-00112-ALM-CAN. In that lawsuit, the court recommended Plaintiffs' claims be dismissed because it found that Plaintiffs violated the Pre-Filing Injunction, filed a frivolous lawsuit, and failed to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Balistreri-Amrhein I*, 2016 WL 11191119, at *1–*3; *Balistreri-Amrhein I Order*, 2017 WL 726919, at *7.

Here, Plaintiffs' Complaint appears to be a continuation of the prior litigation efforts wherein Plaintiffs allege Defendants are engaged in a RICO enterprise to defraud Plaintiffs with the original underlying real estate transaction from the Original State Civil Actions.

## LEGAL STANDARD

A district court has authority to dismiss *sua sponte* a complaint filed *in forma pauperis* if the court finds that the complaint filed "[1] is frivolous or malicious; [2] fails to state a claim on which relief may be granted; or [3] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009) (per curiam) ("The district court shall dismiss a case filed IFP at any time if the complaint is frivolous or malicious.") (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). A court, however, must liberally construe a *pro se* litigant's pleadings in analyzing those pleadings under Section 1915(e). *See Flanagan v. LaGrone*, No. 9:16-CV-00059-MHS, 2016 WL 4163557, at *1 (E.D. Tex. July 6, 2016) (citing *Haines v. Kerner*, 404 U.S. 519, 521 (1972)).

Under Section 1915(e)(2)(B)(i), courts must evaluate a complaint filed *in forma pauperis* for frivolousness or maliciousness. Cases "duplicative of a pending or previous lawsuit" are malicious. *Potts*, 354 F. App'x at 71 (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) and *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)); see also *McBarron v. Fed. Bureau of Prisons*, 332 F. App'x 961, 963–64 (5th Cir. 2009) (per curiam) ("The majority of . . . claims

involved the same general series of events, facts, and conditions that were at issue in an earlier . . . proceeding and therefore constituted '[r]epetitious litigation of virtually identical causes of action' that were properly dismissed as malicious.") (citation omitted). This is so even where the plaintiff "raised new claims," so long as those claims "grow out of the same allegations" as were presented in the prior or pending suit(s). *Potts*, 354 F. App'x at 71; *see also Potts v. Texas*, No. 1:07-CV-632, 2008 WL 4525007, at *3 (E.D. Tex. Sept. 26, 2008) ("While there may be some new defendants and claims buried within the original and two amended complaints filed in this district, the new factual allegations are the same 'clearly baseless,' 'fanciful,' . . . types of claims that were dismissed as frivolous in [plaintiff's previous cases]."). A court may dismiss a case either as malicious or as frivolous for being duplicative. *See Silva v. Stickney*, No. 3:03-cv-2279-D, 2005 WL 2445433, at *4 (N.D. Tex. Sept. 30, 2005) ("Courts may appropriately dismiss an *in forma pauperis* action as frivolous, when the action 'seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff.'" (quoting *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989))); *see also Yarborough v. Sheriff, Tarrant Cnty.*, Civil Action No. 4:11-cv-207-Y, 2011 WL 4736302, at *1–*2 (N.D. Tex, Oct. 5, 2011) (Claims presented that "are duplicative of claims already asserted and dismissed in [a] previous case[] . . . may be dismissed as frivolous or malicious[,]" or, "[a]lternatively, [because they] are also barred by the doctrine of *res judicata*[.]").

Further, claims without an arguable basis in law or fact are also frivolous. *See, e.g.*, *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009); *see also Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (distinguishing factual and legal frivolousness). A complaint lacks an arguable basis in law where the complaint "is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist."

*Brown v. Allen*, No. 3:16-cv-214-N-BN, 2016 WL 2855581, at *2 (N.D. Tex. Apr. 25, 2016) (citing *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)); *see also Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993) (emphasizing that the claim must truly lack merit, such as where the defendant has immunity to suit). In examining claims for legal frivolousness, courts may reject wholly conclusory claims, *Bilbrew v. Johnson*, 239 F. App'x 49, 51 (5th Cir. 2007), or those that fail arguably to comply with the prescribed pleading standard requiring a short and plain statement demonstrating entitlement to relief, *Harris v. U.S. Dep't of Justice*, 680 F.2d 1109, 1110 (5th Cir. 1982) (per curiam). In like manner, when screening for factual frivolousness, a court need not "accept without question the truth of the plaintiff's allegations[,]" even where the allegations "cannot be rebutted by judicially noticeable facts." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Instead, if the complaint's "factual contentions are clearly baseless"—such as "claims describing fantastic or delusional scenarios" or situations that are "wholly incredible"—the court may *sua sponte* dismiss. *Id.* at 32–33 (citations omitted).

A court also must determine whether any claims not deemed frivolous or malicious "fail to state a claim on which relief may be granted" or else "seek[ ] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii). The immunity inquiry generally folds into the frivolousness analysis. *Cf. Booker*, 2 F.3d at 116 ("A claim against a defendant who is immune from suit is frivolous because it is based upon an indisputably meritless legal theory."). But a defendant's immunity acts as an independent basis for Section 1915(e) dismissal where a plaintiff seeks monetary damages from such defendant. *See Krueger v. Reimer*, 66 F.3d 75, 76–77 (5th Cir. 1995) (per curiam); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam). Likewise, the plaintiff's failure to state a claim alone may serve as a basis for dismissal. 28 U.S.C. § 1915(e)(2)(B)(ii); *Pleasant v. Sinz*, No. 9:15-CV-00166-MHS, 2016 WL

4613359, at *2 (E.D. Tex. Aug. 5, 2016). In determining whether a complaint fails to state a claim on which relief may be granted, and in contrast to the frivolousness analysis, a court must "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007) (citations omitted). The complaint must contain facts sufficient to establish plausible, rather than merely conceivable, claims for relief to survive such scrutiny. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Claims are "facial[ly] plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" i.e., "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). By contrast, claims are "implausible on [their] face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

Additionally, "[i]t is well established that judges enjoy absolute immunity for judicial acts performed in judicial proceedings." *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted). The United States Supreme Court stated that "immunity applies even when the judge is accused of acting maliciously or corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). It is "clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, . . . [and s]econd, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (citations omitted). The Supreme Court "made clear that 'whether an act by a judge is a "judicial" one relate[s] to the nature of the act itself, *i.e.*, whether it is a function

normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.'" *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). "Accordingly, as the language in *Stump* indicates, the relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'" *Id.* at 13 (citing *Stump*, 435 U.S. at 362). Finally, the Fifth Circuit has held that court clerks and staff "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (per curiam); *see Kasterner v. Lawrence*, 390 F. App'x 311, 315 (5th Cir. 2010).

## ANALYSIS

The court notes initially that Plaintiffs violated the Pre-Filing Injunction entered by the Northern District of Texas in filing this lawsuit. *See Amrhein I Order*, 2013 WL 1174571, at *1. By Order of the Northern District of Texas, Plaintiffs are required to file a Motion for Leave prior to filing any lawsuit in any federal court, attaching the following: (1) the proposed complaint; (2) the *Amrhein I* opinion, (3) the *Amrhein I Order*, and (4) the judgments in *Amrhein I* and *Amrhein II*. *See id*. Although Plaintiffs reference the Original State Civil Actions and prior Northern District Action in the instant Complaint, Plaintiffs neglected to file the requisite motion for leave (or any of the required attachments) prior to filing the instant suit. Rather than include the necessary attachments with Plaintiffs' Complaint, Plaintiffs attached Eastern District of Texas Orders. "In its Findings of Facts and Conclusions of Law, the bankruptcy court noted: 'Many of [Ms. Amrhein's] filings in this dispute can be fairly characterized as outlandish, baseless, and even vituperative. . . .' The court concurs with the bankruptcy court's assessment."[6] "[Ms. Amrhein]'s motion, like all of her other numerous filings, is filled with a frivolous hodgepodge of unsupported

---

[6] *Balistreri-Amrhein v. Am. Tech., Inc.*, Case No. 4:21-cv-00973-MAC (E.D. Tex. June 7, 2022) (citations and quotation marks omitted) (Dkt. #1, Exhibit 3, at p. 4).

REPORT AND RECOMMENDATION – Page 10

assertions, irrelevant platitudes, and legalistic gibberish. . . . The court need not entertain such rubbish."[7] Plaintiffs' inclusion of these Orders demonstrates the consistency with which Plaintiffs continue to file frivolous lawsuits. Regardless, Plaintiffs' failure to comply with the Order of the Northern District of Texas *alone* is sufficient to justify dismissal of Plaintiffs' Complaint. *See, e.g.*, *Potts*, 354 F. App'x at 71 ("A district court may bar a vexatious litigant from filing future . . . complaints unless she seeks the prior approval of a district or magistrate judge.") (citing *Murphy v. Collins*, 26 F.3d 541, 544 (5th Cir. 1994)). Accordingly, the court recommends that Plaintiffs' Complaint be **DISMISSED** for failure to comply with the Pre-Filing Injunction.

The court now turns to the issue of judicial immunity. Plaintiffs listed many federal and state judges, justices, court systems, and court staff throughout the Complaint for what Plaintiffs believe to be violations of due process rights or actions related to a RICO enterprise (Dkt. #1).[8] To the extent Plaintiffs assert any claims against the Judicial Defendants, courts, and/or court staff, the court recommends those claims be summarily **DISMISSED** with prejudice as those Defendants are immune from liability related to official acts. Plaintiffs' Complaint as to the remaining Defendants is analyzed below.

---

[7] *Balistreri-Amrhein v. Am. Tech., Inc.*, Case No. 4:21-cv-00973-MAC (E.D. Tex. June 29, 2022) (citations and quotation marks omitted) (Dkt. #1, Exhibit 2, at p. 2).

[8] Plaintiffs list the following sixteen judiciary officials: "Defendant Judge Joe Fish – U.S. Northern District Court of Texas"; "Defendant # 2 – Judge Renee Toliver, U.S. Northern District Court of Texas"; "Defendant # 3 Judge Jorge Solis – U.S. Northern District Court of Texas"; "Defendant # 4 – Judge Amos Mazzant, U.S. Eastern District Court of Texas"; "Defendant # 5 Judge Christine Nowak, US. Eastern District Court of Texas"; "Defendant # 6 – Chief Justice Robert Burns III – Fifth District Court of Appeals"; "Defendant # 7 – Justice Robbie Partida-Kipness, Fifth District Court of Appeals"; "Defendant # 8 – Justice Defendant # 8 – Justice Erin Nowlin Fifth District Court of Appeals"; "Defendant # 9 – Judge Jay Bender, County Court at Law # 6"; "Defendant # 10 Judge Angela Tucker, 199th District Court"; "Defendant # 11 – Judge Ted Akin, Dallas County Courts (Visiting Judge)"; "Defendant # 12 – Chief Justice Nathan Hecht, Supreme Court of Texas"; "Defendant # 13 – Chief Judge Brenda Rhoades, U.S Bankruptcy Court"; "Defendant # 14 – Chief Judge Bill Parker, U.S Bankruptcy Court"; "Defendant # 15 – Judge Joshua Searcy, U.S Bankruptcy Court"; "Defendant # 16 – Appellate Judge Marcia Crone, United States Eastern District Court" (Dkt. #1 at pp. 3–4) (errors in original). These judiciary members are hereinafter and collectively referred to as the "Judicial Defendants."

REPORT AND RECOMMENDATION – Page 11

At its core, Plaintiffs' Complaint is simply another round in a barrage of shotgun pleadings.[9] Courts have found that there are four types of shotgun pleadings.

> The first is a complaint . . . that leads to a situation where most of the counts contain irrelevant factual allegations and legal conclusions. Second, . . . a shotgun pleading occurs when a complaint is full of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading . . . is a complaint that fails to separate into a different count each cause of action or claim for relief. This type of shotgun pleading violates Rule 10(b) [of the Federal Rules of Civil Procedure]. Finally, the fourth type of shotgun pleading . . . is a complaint which includes multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*O'Neal v. Universal Prot. Serv., LLC*, Case No. 21-00737-BAJ-SDJ, 2022 WL 1631970 at *6 (M.D. La. May 23, 2022) (citing *In re Ozcelebi*, 635 B.R. at 471–72). "'The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *Id.* (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015).

Here, Plaintiffs' Complaint corresponds to each category of shotgun pleadings. First, while Plaintiffs do not clearly define counts alleged against Defendants, the material following specific headings in the Complaint contains irrelevant factual allegations and legal conclusions (Dkt. #1 at pp. 7–23).[10] Second, Plaintiffs' Complaint is full of conclusory, vague, and immaterial facts not obviously connected to the alleged causes of action. In fact, Plaintiffs' Complaint contains ten pages of excerpts from various texts providing information, *inter alia*, about RICO claims, which

---

[9] *See In re Ozcelebi*, 635 B.R. 467, 471–72 (S.D. Tex. 2021) ("Shotgun pleadings are pernicious because they unfairly burden defendants and courts by shifting onto them the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support. If tolerated, shotgun pleadings harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard.").

[10] The headings in Plaintiffs' Complaint almost exclusively consist of only the names of the Defendants: e.g., "Judge Amos Mazzant & U.S. Eastern District Court of Texas" or "Judge Joe Fish & Magistrate Toliver." (Dkt. #1 at pp. 7, 9).

REPORT AND RECOMMENDATION – Page 12

Plaintiffs labeled as "Sample" with no attempt at an explanation for including such material (Dkt. #1 at pp. 7–23, 23–32). Third, Plaintiffs failed to separate into different counts the alleged causes of action. Rather, Plaintiffs' Complaint is a meandering stream of consciousness, broken up by arbitrary headings (Dkt. #1 at pp. 7–23). Finally, Plaintiffs' Complaint contains multiple claims against multiple Defendants without specifying which Defendant is allegedly liable for which actions. Indeed, Plaintiffs' Complaint is further complicated where Plaintiffs have two separate sections for naming Defendants, one which names twenty-six Defendants, and one which names fifty-five Defendants, most of whom are overlapping.

All plaintiffs, regardless of whether they appear before the court *pro se*, are required to follow the pleading standards of the Federal Rules of Civil Procedure. For example, Rule 8 requires "a *short and plain* statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). (Emphasis added). Rather than abide by this Rule, Plaintiff submitted a thirty-two-page, single-spaced Complaint (Dkt. #1). Moreover, Plaintiffs' pleadings presently total more than 670 pages. *See Docket Sheet*. Plaintiffs' Complaint is a far cry from a *short and plain* statement. Plaintiffs must also comply with Rule 10(b), which states: "A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to *a single set of circumstances*." FED. R. CIV. P 10(b). (Emphasis added). Here, Plaintiffs failed to number, much less utilize, separate paragraphs in the Complaint in accordance with Rule 10(b) (Dkt. #1 at pp. 7–23). Accordingly, due to Plaintiffs' failure to comply with pleading standards of the Federal Rules of Civil Procedure,

the court recommends Plaintiffs' Complaint (Dkt. #1) be **DISMISSED** with prejudice and that an opportunity to amend would be futile.[11]

Finally, the court turns to the frivolous and malicious nature of Plaintiffs' Complaint. As with Plaintiffs' previous pleadings in State and Federal courts discussed above, Plaintiffs raise the same or substantially similar claims in this lawsuit against many of the same Defendants (*compare* Dkt. #1 *with Balistreri-Amrhein I*, 2017 WL 11191119 *and Amrhein I*, 2013 WL 1155473). The claims in Plaintiffs' Complaint are duplicative of those raised in prior lawsuits before this district and the Northern District of Texas and are, therefore, subject to dismissal under Section 1915(e) as frivolous or malicious. The Northern District described such claims as "rambling and redundant." *Amrhein I*, 2013 WL 1155473, at *2. *Balistreri-Amrhein I* found that Plaintiffs' claims in that lawsuit were "[i]n like manner" to *Amrhein I*. 2017 WL 11191119, at * 6. As with the court in *Balistreri-Amrhein I*, this court finds that "Plaintiffs present their allegations in a disorderly and often incoherent manner." *Id.*; (*e.g.*, Dkt. #1 at pp. 7–8) ("Some RICO Named Defendants carried out their scheme to defraud Plaintiffs, through their official positions in or other affiliations U.S. Judicial System, by conspiracy, cover up, collusion, 'Fraud Upon Courts' (Extrinsic Frauds), 'Obstruction of Justice' (Intrinsic Frauds), No Due Process, No Procedural Due Process, No Substantive Due Process, Violations of the Commerce Clause, Fraud Wire Transfers, Contract Fraud, ATI 6 or more forgeries of Plaintiff's Name on Fraud ATI Contracts to Steal Money not owed to ATI, Abuse of Elderly 'protected class,' Assaults causing fears, denied ADA Accommodations causing Death of Anthony J. Balistreri, theft of Anthony J. Balistreri Irrevocable

---

[11] "Generally, . . . a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster*, 587 F.3d at 767–68. "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Id.* "[P]leading review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right." *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 693 (E.D. Tex. 2009) (quoting *U.S. ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 404 (5th Cir. 2004)). An opportunity to replead is "unnecessary where the facts alleged are 'fantastic or delusional scenarios' or where the legal theory upon which a complaint relies is 'indisputably meritless.'" *Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011) (internal citations omitted).

Trust Estate Property as contracted July 18, 2005 with his daughter Darlene Balistreri-Amrhein as his Trustee as witnessed & authorized.") Ultimately, as with Plaintiffs' prior federal litigation, Plaintiffs' allegations in this lawsuit mirror those that came before: Plaintiffs believe they have been wronged in connection with a real estate transaction and the subsequent conspiratorial actions of the justice system (*see generally* Dkt. #1).

Indeed, *Balistreri-Amrhein I*, found that "Plaintiffs allege therein that each of the Eastern District of Texas Defendants engaged in bias, discrimination, and retaliation, as well as either judicial or attorney misconduct or outright omission and/or failure to act while participating either directly or indirectly in the Northern District of Texas Action." 2016 WL 11191119 at *7. The present lawsuit can be viewed as a revival of *Balistreri-Amrhein I*, wherein Plaintiffs take an identical approach, but with their sights on previous acts or omissions committed in the Eastern District of Texas since filing the lawsuit in *Balistreri-Amrhein I* (and all that came before it).

Accordingly, the court recommends that Plaintiffs' Complaint (Dkt. #1) be dismissed pursuant to Section 1915(e) as to all Defendants for its (1) frivolous or malicious nature in that it is duplicative of pending or previous lawsuits and the majority of the claims involve the same general series of events, facts, and conditions that were at issue in an earlier proceeding,[12] and (2) failure to comply with the Federal Rules of Civil Procedure's pleading standards in Rule 8 and Rule 10. The court further recommends that Plaintiffs' Complaint (Dkt #1) be dismissed as to the Judicial Defendants who are immune to the present lawsuit as identified above. Finally, the court recommends Plaintiffs' Complaint (Dkt. #1) be dismissed for failure to comply with the Northern District of Texas's Pre-Filing Injunction.

---

[12] *Potts*, 354 F. App'x at 71; *Potts v. Texas*, 2008 WL 4525007, at *3 ("While there may be some new defendants and claims buried within . . . , the new factual allegations are the same clearly baseless, fanciful, types of claims that were dismissed as frivolous in [plaintiff's previous cases].") (internal quotations omitted).

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends that Plaintiffs' Motions (Dkt. #3, #5, #6, #7) be **DENIED AS MOOT** and Plaintiffs' Complaint (Dkt. #1) be **DISMISSED WITH PREJUDICE**. Any request for relief not addressed by this report and recommendation should be denied as **MOOT**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 26th day of August, 2024.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE